UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CR00381 ERW |
| ) | (TCM) |
| ) | |
| CONTREZ JONES, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III [doc. #68] pursuant to 28 U.S.C. §636(b). On January 21, 2007, the Defendant filed objections to the Report and Recommendation [doc. #78]. The Report recommends that Defendant's Motion to Suppress Evidence [doc. #64] be denied, and that Defendant's Motion to Suppress Statements [doc. #64] be denied.

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The Defendant objects to the Magistrate's finding that the police officers legally seized drugs and cash from the Defendant's apartment under the plain view doctrine. The Defendant argues that the evidence supports a finding that when the police officers entered the apartment pursuant to a valid arrest warrant, the drugs and cash were not in plain view, but rather the officers ransacked the apartment looking for contraband. This Court shall review the

1

Magistrate Judge's findings on this question de novo; including the Magistrate Judge's findings on credibility. *Lothridge*, 324 F.3d 599, 601 ("None of the cases cited by the District Court stand for the proposition that a district judge can defer to a magistrate judge's findings on credibility.").

In the case at bar there is conflicting testimony regarding the actions of the three police officers who entered the Defendant's house on August 15, 2006, pursuant to a valid arrest warrant. In the hearing before the Magistrate Judge, the Government produced the testimony of St. Louis police Officer Steve Schwerb, and the Defendant produced the testimony of Mr. Andy Baldwin and Ms. Danyell Whitfield. In order to execute a valid arrest warrant, Officer Schwerb went, along with two other officers, to the leasing office of Defendant's apartment building and obtained a copy of Defendant's lease. The lease confirmed that the Defendant was the sole lessee for the apartment at 10866 Pear Blossom Court, Apartment A, St. Louis County, Missouri. Officer Schwerb testified that the officers then spoke with Mr. Baldwin, the maintenance man for Defendant's apartment building, who informed them that he had been in the Defendant's apartment a short time earlier, in order to repair the Defendant's furnace and water heater, and that the Defendant was present in the apartment at that time. The officers then proceeded to the Defendant's apartment, and knocked on the door. Nobody answered, but Officer Schwerb testified that he heard a male voice inside, and so the officers entered the apartment, with a key provided by Mr. Baldwin. The Defendant was not present in the apartment at that time. Officer Schwerb testified that upon entering the Defendant's apartment he saw a large amount of cash on the coffee table, and crack cocaine under the coffee table. Officer Schwerb testified that both of these items were in plain view. The officers also seized two electric bills that were in Defendant's name, which were located on the kitchen table. The Defendant's sister, Danyell Whitfield, testified that she was inside Defendant's apartment, after the police left, and that the apartment

2

was a mess; specifically, that drawers and cabinets were open, and items were strewn on the floor. The Defendant also provided testimony of Mr. Baldwin, who testified that when he was in the apartment about forty-five minutes earlier, there was no money on the coffee table, and there was nothing located under the coffee table.

The law regarding searches, as applicable to the present situation, is fairly clear. Police officers are permitted to enter the residence of a person named in an arrest warrant, in order to execute the warrant, "so long as the officers executing the warrant have a reasonable belief that the suspect resides at and is currently present at the dwelling." *United States v. Lloyd*, 396 F.3d 948, 952 (8th Cir. 2005); *see also Payton v. New York*, 445 U.S. 573, 603 (1980) ("[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within."). An additional doctrine, which is applicable to the case at bar, is the plain view doctrine. The Supreme Court, in *Coolidge v. New Hampshire*, held that "under certain circumstances the police may seize evidence that is in plain view without a warrant." 403 U.S. 443, 465 (1971). However, the Supreme Court is cautionary, that "the problem with the 'plain view' doctrine has been to identify the circumstances in which plain view has legal significance rather than being simply the normal concomitant of any search, legal or illegal." *Id.* "The plain view doctrine permits law enforcement officers to seize evidence without a warrant when (1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself." *United States v. Weinbender*, 109 F.3d 1327, 1330 (8th Cir. 1997). "[T]he 'plain view' doctrine has been applied where a police officer is not searching for evidence

against the accused, but nonetheless inadvertently comes across an incriminating object." *Horton v. California*, 496 U.S. 128, 135 (1990).

The officers who entered the Defendant's residence, were in possession of a valid search warrant, and therefore could lawfully enter the Defendant's residence if they reasonably believed the Defendant to be present. The first and third requirements laid out in *Weinbender*, are easily satisfied in the present case. 109 F.3d at 1330. Officer Schwerb's testimony supports a finding that they were reasonable in believing the Defendant to be present in the apartment, based on Mr. Baldwin's statements that the Defendant had been in his apartment a short time earlier when Mr. Baldwin was making a repair. Furthermore, once they were legally in the apartment, pursuant to the valid warrant, they had a lawful right to seize contraband material. Therefore, the crucial question is whether the drugs, currency, and electric bills, were in plain view when they were seized by the officers. Although the Defendant presented testimony by Mr. Baldwin, and by Ms. Whitfield, that suggests that an invasive search of the apartment took place. There is no evidence which directly contradicts the testimony of Officer Schwerb, that the items were in plain view when he entered to arrest the Defendant; specifically that the drugs were under the coffee table, the money on the coffee table, and the electric bills on the kitchen table.[1] Although the testimony presented by the Defendant may suggest that there was a search of the apartment, this does not contradict Officer Schwerb's statements. Therefore, this Court upholds the seizure of the cocaine, currency, and electric bills from the Defendant's apartment.

---

[1]Even assuming both Mr. Baldwin and Ms. Whitfield's testimony to be credible, this does not disprove Officer Schwerb's testimony. The lack of drugs or money on the coffee table forty-five minutes prior to the police officers entering the apartment does not disallow the possibility that they were placed there after Mr. Baldwin left the apartment. The testimony of Ms. Whitfield is equally unavailing, as even if the police officers searched the apartment, the drugs and currency could still have been in plain view, in the locations testified to by Officer Schwerb.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence and Statements [doc. #64] is **DENIED.**

Dated this 24th Day of January, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE